# In the United States Court of Federal Claims

No. 12-389C

(Filed: July 15, 2014)

```
*************************************
                                     )   Time for filing expert rebuttal reports
SYSTEM FUELS, INC. and ENTERGY       )   where a scheduling order issued by the
ARKANSAS, INC.,                      )   court does not specify a time; RCFC
                                     )   26(a)(2)(D)(ii); exercise of judicial
            Plaintiff,               )   discretion
                                     )
     v.                              )
                                     )
UNITED STATES,                       )
                                     )
            Defendant.               )
                                     )
*************************************
```

Alex D. Tomaszczuk, Pillsbury Winthrop Shaw Pittman LLP, McLean, Virginia, for plaintiffs.  Of counsel were Jay E. Silberg and Clare M. Cavaliero, Pillsbury Winthrop Shaw Pittman LLP, Washington, D.C., and L. Jager Smith, Jr., Jackson, Mississippi.

Scott R. Damelin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With him were Stuart F. Delery, Assistant Attorney General, Civil Division, Robert S. Kirschman, Jr., Director, and Marian E. Sullivan, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.  Of counsel were Jane K. Taylor, Office of General Counsel, United States Department of Energy, and James Connor, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

In anticipation of trial in this "Phase II" spent nuclear fuel case, the government has filed a motion to strike from the record an expert rebuttal report submitted on behalf of plaintiffs.  The government contends that the report is not authorized by the court's scheduling order and is untimely under Rule 26 of the Rules of the Court of Federal Claims ("RCFC").  For the reasons discussed, the government's motion is DENIED.

*Background*

System Fuels, Inc. and Entergy Arkansas, Inc. (collectively "System Fuels") first filed suit against the United States in 2003 after the Department of Energy breached its obligation to dispose of spent nuclear fuel at the Arkansas Nuclear One nuclear power plant owned by Entergy Arkansas. *See System Fuels, Inc. v. United States*, 79 Fed. Cl. 37, 51 (2007), *recons. denied*, 79 Fed. Cl. 182 (2007), *aff'd in part*, *rev'd in part*, *and remanded*, 457 Fed. Appx. 930 (Fed. Cir. 2012), *on remand*, 110 Fed. Cl. 583 (2013). System Fuels subsequently amended the complaint to encompass the government's breach through June 30, 2006. *Id.*[1] System Fuels recovered $47,813,498 in damages for that "Phase I" case. *See System Fuels*, 110 Fed. Cl. at 604. The breach by the government has continued, and in this further iteration, filed in 2012, System Fuels' complaint covers the government's breach for the period between July 1, 2006 and March 31, 2012. Compl. ¶ 3.

On October 10, 2012, this court issued a scheduling order, which, as amended, provided for discovery in this case to end on February 28, 2014. *See* Am. Scheduling Order, Jan. 16, 2014, ECF No. 22. During the course of discovery, both parties produced expert reports concerning the government's requested offset for cask loading,[2] an expense the government contends System Fuels would have incurred regardless of the breach. Def.'s Mot. to Strike Pl.'s Unauthorized Rebuttal Expert Report ("Def.'s Mot. to Strike") at 2-4, ECF No. 25; *see also* Pl.'s Pretrial Mem. of Contentions of Fact and Law at 18-19, ECF No. 31. On March 20, 2014, System Fuels submitted a rebuttal report written by its expert, Ms. Eileen Supko, that responded to a report by one of the government's experts, Mr. Warren Brewer. Def.'s Mot. to Strike at 2-3.[3] The government now asks the court to strike this report from the record, contending that the report fails to comply with the pertinent scheduling order, *see id*. at 1, and addresses issues that should have been covered by System Fuels' expert in her initial report, *see id.* at 7.

*Standard for Decision*

RCFC 26(a)(2) outlines requirements for the disclosure of expert testimony. In part, it provides that "*[a]bsent a stipulation or a court order*, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is

---

[1] System Fuels amended their complaint to conform with the Federal Circuit's decision in *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369, 1376 (Fed. Cir. 2005), which held that plaintiffs may recover "damages for nonperformance only to the time of trial and may not recover damages for anticipated future nonperformance."

[2] For dry storage, the Arkansas Nuclear One plant initially used a VSC-24 cask, which could hold up to 24 assemblies per cask. *See System Fuels*, 110 Fed. Cl. at 590. After having loaded twenty-four VSC-24 casks, the plant shifted to a Holtec cask system for its dry storage needs. *Id*. The VSC-24 casks were not intended for dual use as transport casks.

[3] System Fuels disclosed four expert reports on April 1, 2013, three of which were prepared by Ms. Supko. *See* Def's Mot. to Strike at 2. The government disclosed its expert reports on January 10, 2014, one of which was prepared by Mr. Brewer. *Id.*

intended solely to contradict or rebut evidence on the same subject matter identified by another party under RCFC 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." RCFC 26(a)(2)(D) (emphasis added). In essence, RCFC 26(a)(2)(D)(ii) is a default rule that provides a timing guide where no court order applies. Because the pre-trial steps are within the court's reasonable control, this timing is ultimately within the court's judicial discretion. *See 103 Investors I, L.P. v. Square D Co.*, 372 F.3d 1213, 1216-17 (10th Cir. 2004); *Citizens Federal Bank, FSB v. United States*, 59 Fed. Cl. 507, 512 n.3 (2004).

*Analysis*

*A. Timeliness*

The government contends that the rebuttal report was not "authorized or permitted by this [c]ourt's discovery scheduling orders or pre-trial scheduling order." Def.'s Mot. to Strike at 5. Rule 26 dictates that "[a] party must make [expert] disclosures at the times and in the sequence that the court orders," and provides specified time limits in the absence of a court order. RCFC 26(a)(2)(D). This court's scheduling order made no mention of rebuttal reports. As a result, the time limits for rebuttal reports set out in RCFC 26(a)(2)(D) apply. The government argues that System Fuels' rebuttal report should be excluded as untimely under RCFC 26(a)(2)(D)(ii) because the report was provided on March 20, 2014, 69 days after disclosure of the government's expert report. *See* Def.'s Mot. to Strike at 2-3.

System Fuels acknowledges that it did not adhere to the 30-day deadline, but points out that the time requirement is subject to judicial discretion. *See* Pls.' Resp. in Opp'n to Def.'s Mot. to Strike ("Pls.' Opp'n") at 4. In addition, System Fuels contends that RCFC 26(a)(2)(D)(ii) should be read in context with the immediately prior clause of the Rule, which allows initial expert reports to be submitted 90 days before the start of trial. *See* RCFC 26(a)(2)(D)(i). System Fuels argues the report should be retained because it was submitted nearly six months before the scheduled onset of trial, far in advance of the 90-day requirement found in Rule 26(a)(2)(D)(i). Pls.' Opp'n at 5.[4]

The time specified in RCFC 26(a)(2)(D)(ii) for submitting rebuttal reports is not a strict one, but rather serves as a guide to ensure that trial preparations are completed promptly and with fairness to each side. "Rule [26(a)(2)(D)] serves primarily to require disclosure of expert testimony early enough before trial to allow parties and counsel adequate time to prepare cross-

---

[4]Trial is scheduled to commence on September 15, 2014, and the final pre-trial conference is set to occur on September 8, 2014. Scheduling Order, Mar. 10, 2014, ECF No. 24.
    System Fuels also contends that RCFC 26(a)(2)(D)(ii) should be read in conjunction with the Case Management Procedures set forth in RCFC Appendix A, ¶ 13, which require parties to exchange lists of trial exhibits and witnesses 63 days before the pretrial conference. *See* Pls.' Opp'n at 5. The court issued a further scheduling order providing that the exchange had to occur several weeks before the time the Appendix would otherwise have specified; under that scheduling order, the exchange had to occur by June 20, 2014. *See* Scheduling Order, Mar. 10, 2014. Even so, the rebuttal report was served three months before the scheduled meeting of counsel and exchange.

examination, confer with their own experts, and file any supplementations." *Dixon v. Certainteed Corp.*, 168 F.R.D. 51, 54 (D. Kan. 1996).[5] In this instance, System Fuels submitted the rebuttal report 21 days after conducting a deposition of the government's expert, Mr. Brewer, and 179 days prior to the scheduled start of trial. Despite the lengthy time remaining before trial, the government asserts that it is prejudiced because it must incur additional costs in deposing Systems Fuels' expert. Def.'s Reply at 8. This argument is unpersuasive. The government is quite familiar with the facts in this case, and the experts for both sides have been previously deposed in this case and testified in the earlier Phase I trial. No prejudice has been shown. Rather, although the disclosure of the rebuttal report is late measured in terms of the guide provided by the rule, the delay is harmless.

### B. Topics Addressed

Alternatively, the government argues that the rebuttal report should be stricken because it addresses topics that could have been addressed in one of Ms. Supko's first reports. Def.'s Mot. to Strike at 7. The government insists that plaintiffs in spent nuclear fuel cases must analyze, as part of their burden to establish damages, whether actions taken by the plaintiff would have been necessary in the absence of a breach. *Id*. The government argues that Ms. Supko addressed certain of these actions for the first time in her second report, and therefore the report should be classified as an additional report, rather than a rebuttal report, which would not be allowed under RCFC 26. *Id*. at 7-8. System Fuels decided to construct a cask transfer facility as a result of a seismic analysis of the cask loading process at the Arkansas Nuclear One power plant. *See id*. The costs of analyses leading to the decision to construct the cask loading facility reportedly are included in System Fuels' claim for damages. *Id*. The experts' opinions apparently differ respecting a reasonable method to handle unloading the older VSC-24 casks that were first used to provide dry storage for spent nuclear fuel at the plant, and loading the stored spent fuel into transportable casks. *See id*. System Fuels responds that Ms. Supko's report addresses issues raised for the first time in Mr. Brewer's report and is therefore properly classified as a rebuttal. Pls.' Opp'n at 8. In their view, plaintiffs cannot be charged with "be[ing] clairvoyant with respect to every aspect of the non-breach world that the [g]overnment might postulate." *Id*.

The court finds that it is both logical and reasonable for System Fuels to file a rebuttal report. System Fuels could not anticipate all issues regarding damages in their first report, and the release of the government's expert report raised new issues to be addressed. *See Southern Nuclear Operating Co. v. United States*, 637 F.3d 1297, 1304 (Fed. Cir. 2011) ("Plaintiffs cannot be expected to brainstorm on every possible cost they would have saved in the non-breach world. Hence, a defendant must move forward by pointing out the costs it believes the plaintiff avoided because of its breach."), *see also 103 Investors I, L.P.*, 372 F.3d at 1217 (commenting that "[plaintiff] could not have been expected to file a rebuttal expert report prior to the report it sought to rebut"). Ms. Supko's second report addresses new questions regarding costs raised in the government's report and therefore properly constitutes rebuttal.

---

[5] *Dixon* cites Fed. R. Civ. P. 26(a)(2)(C), which applied until 2010, when the current provisions were adopted. This distinction does not change the analysis; the earlier version of Fed. R. Civ. P. 26(a)(2)(C) also provided for disclosure of rebuttal expert reports within 30 days of the other party's disclosure absent a court order.

## CONCLUSION

The government's motion to strike the rebuttal report is DENIED.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge
